Garrett Charity, Esq.
Garrett.Charity@MccarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB BRADY,<br><br>    Plaintiff,<br><br>v.<br><br>R.C. WILLEY HOME FURNISHINGS; TRANSUNION, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | Case No.: 8:23-cv-1298<br><br>**Complaint for Damages:**<br>    **Violation of Fair Credit Reporting Act** |

Plaintiff, Jacob Brady, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I.   INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on his consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II.   PARTIES

2.  At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

3. Defendant, R.C. Willey Home Furnishings ("R.C. Willey") is and at all times relevant hereto was, a lending institution regularly doing business in the State of California.

4. At all times pertinent hereto, Defendant R.C. Willey is a "person" as that term is defined in 15 U.S.C. §1681a(b) and Cal. Civ. Code § 1788.2(g), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq*.

5. Defendant Experian Information Solutions, Inc. is a corporation existing under the laws of California, with North American Headquarters in Costa Mesa, CA.

6. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in California.

7. Defendant TransUnion LLC ("Transunion") is a corporation existing under the laws of California and at all times relevant hereto was regularly doing business in the State of California.

8. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of California.

9. Experian and Transunion regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

10. Experian and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

11. At all times pertinent hereto, Defendant Experian and Transunion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III. JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p and 28 U.S.C. §1331.

13. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants R.C. Willey, Transunion, and Experian (collectively, "Defendants"), and has suffered particularized and concrete harm.

15. Experian and Transunion are two of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

16. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Experian and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

18. After reviewing Plaintiff's consumer credit reports Plaintiff discovered his R.C. Willey account (the "Account") being reported in error – specifically the Account is reporting a balance past due.

19. R.C. Willey assigned the Account to Knight Adjustment Bureau ("Knight").

20. Once assigned the Account, Knight began reporting the Account on Plaintiff's consumer reports.

21. Knight reports the Account with a balance past due on Plaintiff's Experian and Transunion reports.

22. Because R.C. Willey and Knight both report the Account with a balance past due on Plaintiff's consumer reports, Plaintiff's outstanding debt and number of adverse and delinquent accounts is overstated.

23. The Account is reported with a different account number, balance, and open date by R.C. Willey and Knight.

24. The inaccurate Account has become a permanent component of the Plaintiff's credit profile and is reported to those who ask to review the credit history of Plaintiff.

25. The false information regarding the Account appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

26. Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

27. Plaintiff sent a written dispute to Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Transunion consumer report.

28. Despite the clarity and detail provided in the Experian Dispute and Transunion Dispute (together, the "Written Disputes"), the Account continued to appear on Plaintiff's Experian and Transunion consumer report with a balance past due.

29. Upon information and belief, Experian and Transunion forwarded Plaintiff's Written Disputes to Defendant R.C. Willey.

30. Upon information and belief, R.C. Willey received notification of Plaintiff's Written Disputes from Experian and Transunion.

31. R.C. Willey did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying Account information with respect to the disputed information and the accuracy of the R.C. Willey Account.

32. Experian and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

33. Upon information and belief, R.C. Willey failed to instruct Experian and Transunion to remove the false information regarding the Account reporting on Plaintiff's consumer report.

34. Experian and Transunion each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiff's Written Disputes.

35. At no point after receiving the Written Disputes did R.C. Willey, and/or Experian and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

36. Experian and Transunion relied on its own judgment and the information provided to them by R.C. Willey rather than grant credence to the information provided by Plaintiff.

37. Experian and Transunion published the false information regarding the Account to third parties.

## COUNT I – EXPERIAN AND TRANSUNION

## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

38. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

39. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

40. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the Account reporting on Plaintiff's Transunion consumer report.

41. Defendants Experian and Transunion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendants Experian and Transunion published and maintained concerning Plaintiff.

42. As a result of this conduct, action and inaction of Defendants Experian and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount

to be determined by the trier of fact.

43. Defendants Experian and Transunion's conduct, action, and inaction were willful, rendering Defendant Experian and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44. In the alternative, Defendants Experian and Transunion were negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

45. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN AND TRANSUNION
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

46. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

47. After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

48. After receiving the Transunion Dispute, Transunion failed to correct the false information regarding the Account reporting on Plaintiff's Transunion consumer report.

49. Defendants Experian and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

50. As a result of this conduct, action and inaction of Defendants Experian and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendants Experian and Transunion's conduct, action, and inaction were

willful, rendering Defendants liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendants Experian and Transunion were negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – R.C. WILLEY
## (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

54. Plaintiff re-alleges and reaffirms the above paragraphs 1-41 as though fully set forth herein.

55. After receiving the Disputes, R.C. Willey failed to correct the false information regarding the R.C. Willey Account reporting on Plaintiff's consumer reports.

56. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant R.C. Willey's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant R.C. Willey's representations to consumer credit reporting agencies, among other unlawful conduct.

57. As a result of this conduct, action, and inaction of Defendant R.C. Willey, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

58. Defendant R.C. Willey's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

59. In the alternative, Defendant R.C. Willey was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant R.C. Willey pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted July 19, 2023.

Garrett Charity, Esq.
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Garrett.Charity@mccarthylawyer.com
Attorney for Plaintiff